IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                          24-CR-6155-EAW

QUENTON JAMES,

Defendant.

## PLEA AGREEMENT

The defendant, QUENTON JAMES, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 21, United States Code, Section 841(a)(1) (possession of cocaine with intent to distribute), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that the Court may enter an order of community restitution in an amount not to exceed any fine imposed pursuant to Title 18, United States Code, Section 3663(c), and Sentencing Guidelines § 5E1.1(d).

3.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.     ELEMENTS AND FACTUAL BASIS

4.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.      That the defendant possessed a controlled substance;

b.      That the defendant knew that the defendant possessed a controlled substance; and

c.      That the defendant intended to distribute or distributed the controlled substance.

### FACTUAL BASIS

5.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.      On or about October 24, 2023, in the City of Rochester, in the Western District of New York, the defendant, QUENTON JAMES, did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance.

b.      More specifically, on or about October 24, 2023, members of the Drug Enforcement Agency (DEA) executed a search warrant for the defendant's apartment, that is, 1 South Clinton Avenue, Apartment 2206, Rochester, New York. The defendant and his father came to the door of the residence when law enforcement knocked and announced their presence.

2

c.    After the location was secured a thorough search was conducted. In an office area of the apartment, DEA agents located a safe that was later opened. From inside the safe agents seized approximately 33 grams of cocaine, as well as numerous new and unused small plastic baggies frequently used to package cocaine. The agents also recovered two (2) firearms from the safe: one (1) Smith & Wesson SD9 semiautomatic pistol, bearing serial number FDN3865; and one (1) Phoenix Arms .25 ACP semiautomatic pistol, bearing serial number 4463415. Additionally, two (2) pistol magazines, six (6) rounds of 9mm ammunition, and $2,650.00 in United States currency were recovered from the safe.

d.    In the master bedroom, agents recovered approximately 25 grams of cocaine, additional packaging material, and a digital scale with a white powdery residue. The defendant admits that he possessed the above-described cocaine from the office area and master bedroom with the intent of distributing it. Further, he admits to knowingly possessing the above-described firearms.

e.    The defendant was later advised of his *Miranda* rights, which he voluntarily waived. Agents then interviewed the defendant. The defendant admitted that the drugs and firearms recovered from his apartment belonged to him. The defendant told investigators that he would sell approximately four (4) ounces of cocaine each month. The defendant admits that he had been selling cocaine since at least July 2023.

f.    The parties agree that at least five hundred (500) grams but less than two (2) kilograms of a mixture or substance containing cocaine is the amount involved in the defendant's relevant conduct encompassed in the Information, which could be readily proven by the government at trial or at a sentencing hearing. This includes the conversion of recovered drug proceeds, namely, $2,650.00 into 90 grams of cocaine.

### III.   <u>SENTENCING GUIDELINES</u>

6.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7.    The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(8) apply to the offense of conviction and provide for a base offense level of 24.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

8.    The government and the defendant agree that the following specific offense characteristic applies:

      a.    the two-level increase pursuant to Guidelines § 2D1.1(b)(1) (possession of a dangerous weapon).

## ADJUSTED OFFENSE LEVEL

9.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 26.

## ACCEPTANCE OF RESPONSIBILITY

10.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 23.

## CRIMINAL HISTORY CATEGORY

11.    It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

12.    It is the understanding of the government and the defendant that, with a total offense level of 23 and criminal history category of I, the defendant's sentencing range for the offense of conviction would be **a term of imprisonment of 46 to 57 months, a fine of $20,000 to $1,000,000, and a period of supervised release of 3 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13.    Notwithstanding the above calculations and based in part on the facts sets forth in ¶ 21, it is the agreement of the parties pursuant to **Rule 11(c)(1)(C)** of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose **a term of imprisonment between 51 and 63 months**, as part of the appropriate sentence in this case. If, after reviewing the Pre-Sentence Investigation Report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement, and the defendant shall then be afforded the opportunity to withdraw his plea of guilty. If, after reviewing the presentence report, the Court rejects this agreement, the government may move to vacate the plea agreement. If the government moves to vacate the agreement, the defendant's plea shall be deemed withdrawn. This agreement does not affect the amount of the fine, the amount of restitution, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

5

14.     The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

15.     The defendant understands that, except as set forth in ¶ 13, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

16.     In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

IV.     **STATUTE OF LIMITATIONS**

17.     In the event the defendant's plea of guilty is withdrawn, or the conviction is vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.     REMOVAL

18.     The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.     GOVERNMENT RIGHTS AND OBLIGATIONS

19.     The defendant understands that the government has reserved the right to:

a.     provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.     respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.     advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.     modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

20.     At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 23-MJ-648.

21.    The defendant understands that, pursuant to this plea agreement, the government has agreed to dismiss and not pursue a charge based on a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), which, if convicted of such charge, would subject the defendant to a term of imprisonment of 5 years to life to be imposed consecutively to any other sentence of imprisonment.

22.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.    APPEAL RIGHTS

23.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls **within or is less than a sentence of imprisonment of 51 to 63 months, a fine of $20,000 to $1,000,000, and a period of supervised release of 3 years,** notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

24.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

25.     The government waives its right to appeal any component of a sentence imposed by the Court which falls **within or is less than a sentence of imprisonment of 51 to 63 months, a fine of $20,000 to $1,000,000, and a period of supervised release of 3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

26.     As a condition of the guilty plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the United States and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 21, United States Code, Sections 853 (a)(1) and 853(a)(2), which was or is in the possession and control of the defendant or the defendant's nominees. That property includes the following, seized by law enforcement on October 24, 2023, from 1 South Clinton Avenue, Apartment 2206, Rochester, New York:

**CURRENCY:**

a.     the sum of approximately two thousand six hundred and fifty dollars ($2,650.00) United States Currency.

27.     The defendant acknowledges that the defendant is the owner and/or exercised dominion and control of the firearms, magazines and ammunition described below and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 924(d) and 3665, and Title 28, United States Code, Section 2461(c), which is in the possession and control of the defendant or the defendant's nominees. That property includes the

following seized on October 24, 2023, from 1 South Clinton Avenue, Apartment 2206, Rochester, New York:

**FIREARMS, MAGAZINES, AND AMMUNITION:**

a. one (1) Smith & Wesson SD9, semiautomatic pistol bearing serial number FDN3865, with attached magazine;

b. one (1) Phoenix Arms .25 ACP, semiautomatic pistol bearing serial number 4463415, with attached magazine; and

c. six (6) rounds of 9mm ammunition.

28.    The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above-referenced firearms, magazines, and ammunition.

29.    The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the currency, firearms, magazines, and ammunition survives and shall be given full force and effect.

30.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the

Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any of the property forfeited hereunder, including notice set forth in an indictment, information, or administrative notice. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

31.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, whether constitutional or statutory, including but not limited to, any defenses based on principles of double jeopardy, as to this criminal proceeding or any related civil or administrative proceeding, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

32.     The defendant further agrees that the forfeiture of the aforementioned property as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, any income taxes, or any other penalty that the Court may impose upon the defendant in addition to forfeiture and shall survive bankruptcy.

33.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment and disposition of the currency, firearms, ammunition and magazines survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a breach of this agreement.

## ABANDONMENT

34.     The defendant agrees to voluntarily abandon the following cellular phones seized during the criminal investigation associated with this matter and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim. The defendant specifically agrees to voluntarily abandonment of the following cellular phones:

a.      three (3) cell phones seized by law enforcement on October 24, 2023, from 1 South Clinton Avenue, Apartment 2206, Rochester, New York.

35.     The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law, with respect to the abandonment of this property. The defendant hereby knowingly and voluntarily waives any right, title and interest in the property and

agrees not to contest the vesting of title in the government. The defendant further waives the provisions of 41 Code of Federal Regulations 128-48.102-1 and 41 Code of Federal Regulations 128-48.50 with respect to the abandonment of the cellular phones and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of the said property.

36.    The defendant further understands that the government and any law enforcement agency acting on behalf of the government, to wit: the Drug Enforcement Administration, may in its discretion, destroy the cellular phones.

37.    The defendant agrees that the cellular phones are subject to abandonment and agrees to the waive all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the abandonment of the cellular phones.

38.    The defendant agrees that for any reason, in any pleadings before the Court or any order of the Court, to include but not limited to the Preliminary and/or Final Order of Forfeiture and the Judgment and Commitment, if the government fails to properly identify an item to be forfeited, fails to include any item that is forfeitable under the applicable forfeiture statute in this case or includes a clerical or technical error, the defendant will consent and not oppose any effort by the government to amend, correct or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above,

the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

## IX.    TOTAL AGREEMENT AND AFFIRMATIONS

39.    This plea agreement represents the total agreement between the defendant, **QUENTON JAMES,** and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY:    _____

MATTHEW T. MCGRATH
Assistant United States Attorney

Dated:  December 18, 2024

I, QUENTON JAMES, have read this agreement, which consists of pages 1 through 14. I have had a full opportunity to discuss this agreement with my attorney, Michael F. Geraci, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
QUENTON JAMES
Defendant

Dated: December 18, 2024

_____
MICHAEL F. GERACI, ESQ.
Attorney for the Defendant

Dated: December 18, 2024